**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30165 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00311-TSZ |
| v. | |
| YEREM KORKOTYAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Yerem Korkotyan appeals from the district court's judgment and challenges

his jury-trial conviction and 18-month sentence for conspiracy to commit bank

fraud, in violation of 18 U.S.C. § 1349; bank fraud, in violation of 18 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1344; and making false statements, in violation of 18 U.S.C. § 1001. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Korkotyan first contends that his conviction for conspiracy to commit bank fraud should be reversed because there was insufficient evidence that he knew the objective of the conspiracy and intended to help accomplish it. We review de novo a district court's denial of a motion for judgment of acquittal, "asking whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Sutcliffe*, 505 F.3d 944, 959 (9th Cir. 2007). The government presented sufficient evidence to allow a rational jury to infer that Korkotyan knew that the objective of the conspiracy was to commit bank fraud and intended to act in furtherance of that objective. *See United States v. Reed*, 575 F.3d 900, 923-24 (9th Cir. 2009).

Korkotyan further contends that his convictions for bank fraud should be reversed because there was insufficient evidence that he had the intent to defraud. Considering the evidence in the light most favorable to the prosecution, we conclude that the government presented sufficient evidence to allow a rational jury to infer that Korkotyan intended to defraud. *See United States v. Rizk*, 660 F.3d 1125, 1135 (9th Cir. 2011) ("Intent to defraud may be established by

circumstantial evidence.").

Korkotyan finally contends that the district court erred in imposing as a condition of supervised release that he "shall not frequent places where controlled substances are illegally sold, used, distributed, or administered" because the condition is vague, overbroad, and not sufficiently related to a sentencing goal. The district court did not plainly err in imposing this condition. *See United States v. Phillips*, 704 F.3d 754, 767-68 (9th Cir. 2012); *United States v. Rearden*, 349 F.3d 608, 619 (9th Cir. 2003) ("[A] condition of supervised release need not relate to the offense as long as the condition satisfies the goal of deterrence, protection of the public, or rehabilitation.").

**AFFIRMED.**